IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MANUEL TRINIDAD DAVILA, #59121-177, Movant, | §<br>§<br>§<br>§ | |
| v. | §<br>§ | No. 3:24-CV-1952-N<br>(No. 3:19-CR-269-N-1) |
| UNITED STATES OF AMERICA, Respondent. | §<br>§<br>§<br>§ | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Movant Manuel Trinidad Davila's ("Movant") pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Motion").  Doc. 1.  The Government filed a response in opposition.  Doc. 11.  Upon careful review of the pleadings, the record, and the applicable law, the Motion is **DENIED**.

## I.     BACKGROUND

In 2023, pursuant to a second amended plea agreement, Movant pleaded guilty to the sole count in the indictment, possessing a stolen firearm in violation of 18 U.S.C. § 922(j).  Crim. Doc. 3; Crim. Doc. 65.[1]  In the plea agreement, the government recommended a sentencing range of 45-58 months pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).  Crim. Doc. 65 at 3.  On July 31, 2023, the court sentenced Movant to 48 months' imprisonment.  Crim. Doc. 77.

Movant did not appeal but later filed this timely § 2255 motion.  Doc. 1.  Movant raises two claims of ineffective assistance of counsel for misleading him into pleading guilty and

---

[1] All "Crim. Doc." citations refer to the related criminal case, *United States v. Davila*, 3:19-cr-00269-N.  And all "Doc." citations refer to this § 2255 case.

failing to appeal his sentence.  Movant also asserts his Speedy Trial Act rights were violated and he should be granted jail time credits.  Doc. 1 at 4-5; Doc. 2 (Br.).  The Government opposes § 2255 relief.  Doc. 11.  Movant did not file a reply.

## II.      LEGAL STANDARD

To succeed on a claim of ineffective assistance of counsel, a movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.  *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).  "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."  *Id.*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000).  "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and the defendant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686).  Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance.  *Strickland*, 466 U.S. at 689.  Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test.  *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).  Additionally, to demonstrate prejudice in the context of a guilty plea, the movant bears the burden of proving that "there is a reasonable probability that, but for

counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

*Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

### III.   ANALYSIS

#### A.  Ineffective assistance During Plea Proceedings

Movant asserts that his guilty plea was involuntary because counsel misled him about the 48-month plea agreement, his sentence, and his release date.  Doc. 1 at 8; Doc. 2 at 1.  He alleges counsel misstated that Movant would be "released soon after [his] sentencing" considering that he had served over 48 months in federal pretrial detention.  Doc. 2 at 1-2.  Movant also maintains that the Assistant U.S. Attorney had recommended that "no sentence of imprisonment be imposed" in a "motion dated June 2, 2023."  Doc. 2 at 2.  The allegations themselves are conclusory and unsupported as is the argument supporting this ground.

First, the record refutes Movant's assertions that counsel and the government promised a sentence of time served.   In the plea agreement, the government recommended a sentencing range of 45-48 months.  Crim. Doc. 65 at 3.  The government also made no filing on June 2, 2023.  And counsel admitted in the Sentencing Memorandum that probation was prohibited by statute and asked for a sentence of no longer than 45 months.  Crim. Doc. 75 at 2, 5.

Second, Movant's sworn statements at rearraignment contradict his current assertions that his plea was induced by misinformation from counsel regarding his sentence.  At rearraignment, the court thoroughly cautioned Movant that he could not rely on counsel's opinion about the advisory guideline range and that only the court would be able to determine the guideline range after considering the Presentence Report ("PSR") and any objections.  Crim. Doc. 81 at 10-11.  Further, Movant confirmed under oath his understanding that by pleading guilty he would be

Page **3** of **8**

subject to a maximum period of imprisonment of ten years.  Crim. Doc. 81 at 24.  By his Plea Agreement—which he likewise confirmed under oath that he signed only after reading it carefully and discussing it with his counsel—Movant also confirmed his understanding that (1) the Court would determine the sentence after considering the advisory Sentencing Guidelines, (2) no one, including defense counsel, "can predict with certainty the outcome of the court's consideration of the guidelines in this case," and (3) the court, in its discretion, could sentence Movant up to the statutory maximum penalty.  Crim. Doc. 65 at 3; Crim. Doc. 81 at 19-21.  Further, Movant assured the court that his plea was not induced by promises or assurances other than those contained in the Plea Agreement and Plea Agreement Supplement.  Crim. Doc. 81 at 22-23.  Likewise, he affirmed that he was fully satisfied with his counsel's advice and representation.  Crim. Doc. 81 at 15.

In addition, Movant had ample time—more than three months between rearraignment and his sentencing hearing—to advise the court that his guilty plea was involuntary or that he was dissatisfied with defense counsel's conduct and supposed misleading statements about the sentencing range and jail-time credits, but he did not do so.  Similarly at sentencing, he voiced no objection about the voluntariness of his guilty plea or his counsel's advice and allegedly deficient performance.  Crim. Doc. 82.  Indeed, when given the opportunity to address the court, Movant apologized for his conduct.  Crim. Doc. 82 at 5.

In sum, Movant presents nothing to support his contentions but his self-serving, *post-hoc* allegations, which are insufficient.  *Lee v. United States*, 582 U.S. 357, 369 (2017).  The plea agreement is entitled to a presumption of regularity and carries great evidentiary weight. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994).  Movant's solemn declarations in open court

likewise carry a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). And Movant has not produced any independent indicia of the likely merit of any of his allegations to refute his sworn testimony at rearraignment. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

Even if Movant could show that counsel's performance was deficient, he could not show prejudice, as there is no reason to believe that he would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. at 59. His conclusory allegations simply fail to meet his high burden. Doc. 1 at 8; Doc. 2 at 1-2. For all these reasons, the court concludes that Movant has failed to establish that his counsel rendered ineffective assistance of counsel. Thus, his claim has no merit.

## B. Ineffective Assistance in Failing to Appeal

Movant also contends counsel failed "to file an appeal on my sentencing." Doc. 1 at 8. He does not assert that he requested counsel to pursue an appeal or that counsel failed in any way to consult with him regarding an appeal. His claim is thus conclusory and unsupported.

A lawyer renders ineffective assistance of counsel when he disregards specific instructions from a defendant to file a notice of appeal. *See Roe v. Flores-Ortega,* 528 U.S. 470, 477 (2000). In the event of no specific instructions to appeal, as in this case, an attorney renders deficient performance only when he fails to consult with the defendant about an appeal—namely "advising [him] about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* at 478. Simply stated, "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are

nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480.

Movant does not allege that he expressed any interest in appealing. *Cf. United States v. Pham*, 722 F.3d 320, 325 (5th Cir. 2013) (defendant's statement to counsel that he wanted to do "something to get less time" was sufficient notice to trigger counsel's duty to consult with him about an appeal). Further, this was not a case where a rational defendant would have wanted to appeal, especially in light of the favorable 48-month sentence—well below the sentencing range of 57-71. Thus, even if counsel failed to consult with Movant regarding an appeal, counsel would not have breached any constitutional protected duty. Nor could Movant show prejudice— that he would have timely appealed but for counsel's deficient failure to consult with him. *See Flores-Ortega,* 528 U.S. at 484 (to establish prejudice, the petitioner must demonstrate "that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed"). Therefore, this ineffective-assistance claim also fails.

### C. Speedy Trial Claim

Next, Movant contends the government violated his speedy trial rights because he was in pretrial confinement for over 48 months. Doc. 1 at 7. By pleading guilty, however, he waived all nonjurisdictional defects in the instant proceedings, including a speedy trial violation. Because Movant's guilty plea and his waiver of the right to appeal and to collaterally attack his conviction and sentence were knowing and voluntary, the court finds that his speedy trial claim is foreclosed by the plea. *See United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) (voluntary guilty plea waives all non-jurisdictional defects in the proceedings including

Page **6** of **8**

ineffective assistance of counsel, "except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary"); *see also United States v. Celestine*, 546 F. App'x 346, 347 (5th Cir. 2013) (finding "guilty plea waived [defendant's] speedy trial claim").

In addition, Movant's speedy trial claim is waived because it falls outside the appeal/collateral waiver in the Second Amended Plea Agreement. Crim. Doc. 65 at 6. Since Movant did not present his speedy-trial claim on direct appeal, it is also procedurally barred because he does not show cause and actual prejudice resulting from the default. *See United States v. Logan*, 135 F.3d 353, 355 (5th Cir. 1998) (citing *United States v. Frady*, 456 U.S. 152, 168 (1982)). Lastly, the speedy trial claim fails on the merits. All eleven unopposed motions to continue trial and pretrial deadlines excluded Speedy-Trial-Act time. Crim. Doc. Nos. 17, 19, 21, 23, 25, 27, 29, 31, 49, 51, 53.

### D. Time Credit Claim

Although couched in terms of ineffective assistance, Movant basically challenges the execution of his sentence and how the Bureau of Prisons ("BOP") calculated his jail-time credits. Such a claim does not contest the validity of the conviction or sentence and is not cognizable under § 2255. Rather, the proper method for challenging the execution of a sentence and for contesting the calculation of a sentence by the BOP is through a habeas corpus petition under 28 U.S.C. § 2241. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). So this claim fails.

IV.     **CONCLUSION**

Accordingly, Movant's motion to vacate, set aside, or correct sentence under 28 U.S.C.

§ 2255 is **DENIED** and this case is **DISMISSED WITH PREJUDICE**.

SO ORDERED this 24th day of April, 2026.


_____

UNITED STATE DISTRICT JUDGE